UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT L. BROOKS,

        Plaintiff,                        Case No. 2:07-cv-104

v.                                         Honorable R. Allan Edgar

GREG MCQUIGGIN,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.[1]

---

[1] Plaintiff's complaint, filed on June 4, 2007 (docket #1), raised issues concerning mental health treatment at the Baraga Maximum Correctional Facility. On June 6, 2007, Plaintiff filed a "Motion for Dismissal of Civil Action Pursuant to Civil Procedure Due to Retraction" (docket #3), claiming that another unknown inmate had filed the complaint, fraudulently using Plaintiff's name. However, on July 5, 2007, Plaintiff filed a "Verified Civil Rights Action" (docket #4), which I have construed as an amended complaint and is the subject of this report and recommendation.

**Discussion**

I.      Factual allegations

Plaintiff is presently incarcerated at the Baraga Maximum Correctional Facility (AMF). Plaintiff complained to AMF Warden Greg McQuiggin that guards were placing metal chains around Plaintiff's ankles so tightly that they caused bleeding, lacerations and bruises. Plaintiff recommended to Warden McQuiggin that softer restraints be used. Warden McQuiggin never responded. Plaintiff brings this suit against Warden McQuiggin, asserting claims of excessive force and cruel and unusual punishment. For relief, Plaintiff seeks an injunction ordering Warden McQuiggin to remove Plaintiff's leg restraints and transfer Plaintiff to a different facility other than the Marquette Branch Prison, and to permanently restrict Plaintiff from ever being housed at AMF.

II.      Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon theory of *respondeat superior* or vicarious liability. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818

(quoting *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978)). A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough to impose liability, nor can supervisory liability be based upon the mere failure to act. *Id.*; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). A plaintiff must show that a supervisory official authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate. *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984) (citing *Hays v. Jefferson County,* 668 F.2d 869, 872-74 (6th Cir.1982)); *see also Mills v. City of Barbourville,* 389 F.3d 568, 580 (6th Cir.2004) ("In order to establish liability pursuant to § 1983, the plaintiff must prove that the defendant, as a supervisory official, is personally responsible for the alleged unconstitutional actions that caused his injury....At a minimum, the plaintiff must demonstrate that a supervisory official condoned, encouraged, or knowingly acquiesced in the alleged unconstitutional misconduct."); *Bass v. Robinson,* 167 F.3d 1041, 1048 (6th Cir.1999) (holding that § 1983 plaintiff must prove that officer "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on....Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act...and cannot be based upon simple negligence.") (citing *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1246 (6th Cir.1989)). Plaintiff claims that certain unnamed guards subjected him to excessive force, but he has failed to demonstrate that Warden McQuiggin personally engaged in any active unconstitutional behavior. Accordingly, Plaintiff fails to state a claim against Warden McQuiggin.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: August 16, 2007

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).